# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

BRAJA PANDIT SMITH,                  :
                                     :
    Plaintiff,                  :
                                     :
    v.                          :          CIVIL ACTION NO.: CV614-070
                                     :
                                     :
CO II TAYLOR, Georgia State Prison,  :
individually and in his official capacity, :
and CO II OSBOURNE, Georgia          :
State Prison, individually and in his :
official capacity,                   :
                                     :
    Defendants.                 :

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983 (2014) contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915 (2014). Section 1915(g) of the PLRA provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals that were dismissed and count as strikes under section 1915(g): (1) Smith v. Owens, CV6:13-02 (S.D. Ga. June 10, 2013) (dismissed for failure to state a claim); (2) Smith v. Owens, CV6:12-107 (S.D. Ga. May 29, 2013) (dismissed for failure to state a claim); and (3) Smith v. Owens, CV5:12-292 (M.D. Ga. Mar. 21, 2013) (dismissed for failure to exhaust[1]).

The Eleventh Circuit Court of Appeals upheld the constitutionality of section 1915(g) in Rivera. 144 F.3d at 732. In doing so, the court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, due process of law, or equal protection, or the doctrine of separation of powers. Id. at 721–27. Because Plaintiff has filed three previously dismissed cases that qualify as strikes under section 1915(g), Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to section 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to section 1915(g). To come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189,

---

[1] Dismissal of a prior suit for failure to exhaust administrative remedies counts as a strike under section 1915(g). Rivera, 144 F.3d at 731.

AO 72A
(Rev. 8/82)

1193 (11th Cir. 1999). Indeed, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

Plaintiff states that while Defendants were escorting him to his cell on February 13, 2013, Plaintiff's cellmate attacked and stabbed him. (Doc. 1, p. 2). Plaintiff asserts that his cellmate has a history of violence, yet Defendants had "handcuffed him in the front against policy," which enabled the cellmate to attack Plaintiff with a knife. (Id.). Plaintiff avers that Defendants "stood there as [his] cellmate pounced" and later gave false statements to investigators regarding the incident. (Id.). Plaintiff also sets forth various allegations that are unrelated to these Defendants. (Id.).

Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he filed this Complaint on July 2, 2014, to meet the exception to the three-strike rule. The Court **VACATES** its July 2, 2014 Order. Plaintiff's request to proceed *in forma pauperis* is **DENIED**, and this case should be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this _10th_ day of October, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)