IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BRAJA PANDIT SMITH,

    Plaintiff,

v.                                       CIVIL ACTION NO.: CV614-070

CO II TAYLOR, Georgia State Prison,
individually and in his official capacity,
and CO II OSBOURNE, Georgia
State Prison, individually and in his
official capacity,

    Defendants.

## ORDER

After an independent and de novo review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Plaintiff has filed Objections (doc. 10). In his Objections, Plaintiff contends that his three prior civil actions should not count against him for purposes of the three-strike rule under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915 (2014). (Doc. 10, p. 1). Plaintiff reasons that in each of the prior actions, the court screened Plaintiff's complaint, found that he stated an arguable claim for relief, allowed him to proceed in forma pauperis, and only later dismissed the action. (Id.). The inquiry under the PLRA, however, focuses only on the reason behind, not the timing of, a prior dismissal. See §

1915(g). As the Magistrate Judge correctly noted, the court in each of Plaintiff's prior actions ultimately dismissed his complaint for reasons counting as strikes under section 1915(g). (Doc. 8, p. 2).

Plaintiff also objects on the ground that he falls within section 1915(g)'s exception to the three-strike rule because he is in "imminent danger of serious physical injury." (Doc. 10, p. 2); see also § 1915(g). Plaintiff avers that he "is still living in the same dangerous conditions (24 hour lockdown with a cellmate) at the same prison Plaintiff was stabbed at by another cellmate" and that he "is still forced to be around both [D]efendants and is under [their] control." (Id.).

There is, however, nothing inherently dangerous about being in lockdown with a cellmate. Indeed, it appears that Plaintiff is no longer living with the cellmate who attacked him, and Plaintiff has not articulated any facts suggesting that his current cellmate is dangerous. Nor has Plaintiff shown that Defendants' mere supervision poses any ongoing danger of serious physical harm. Rather, Plaintiff appears to rely on Defendants' alleged errors contributing to the former cellmate's attack, which the Magistrate Judge correctly determined do not create the type of "imminent danger" that the statute contemplates. (See Doc. 8, pp. 2–3) ("To come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint." (citing Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999))).

The undersigned thus **overrules** Plaintiff's Objections and adopts the Magistrate Judge's Report and Recommendation as the opinion of the Court. Because the three-strike rule of section 1915(g) precludes Plaintiff from proceeding in forma pauperis,

AO 72A
(Rev. 8/82)

Plaintiff's Complaint is **DISMISSED** without prejudice. If Plaintiff wishes to pursue this action, he should resubmit his complaint along with the full filing fee.

**SO ORDERED**, this 17 day of Nov., 2014.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)